UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Orlando Division

| | | |
|---|---|---|
| Gourmet Chefs LLC, 5 Star Restaurants LLC, | ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) | |
| -v- | ) ) | |
| The United States Small Business Administration, and Isabella Casillas Guzman in her official capacity as Director of the Small Business Association, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTION RELIEF**

Plaintiffs, Gourmet Chefs LLC and 5 Star Restaurants LLC, (herein after referred to as collectively "Plaintiffs") sue Defendant United States Small Business Administration (herein after referred to as "SBA") and Isabella Casillas Guzman in her official capacity as Director of the Small Business Association (herein after referred to as "Director") SBA and Director herein after shall collectively referred to as  and states as follows:

**INTRODUCTION**

1. During the COVID-19 pandemic, restaurants, bars, and other food service businesses experienced declining revenue, unemployment, and closures.

2. In response, Congress amended the American Rescue Plan Act of 2021, Public Law 117-2, to increase appropriations to $28.6 billion to fund the Restaurant Revitalization Fund (herein after referred to as "RRF"), 15 U.S. Code § 9009c.

3. The Restaurant Revitalization Fund was established in March 2021 to support eligible entities suffering revenue losses from the COVID-19 pandemic.

4. The SBA began accepting applications and awarding funds in May 3, 2021.

5. Plaintiffs submitted RRF grant applications on or about May 3, 2021, through the SBA's RRF applicant portal.

6. On May 3, 2021, Plaintiffs received a confirmation that their RRF grant application were timely and had been accepted.

7. On May 12, 2021, Plaintiffs received emails notifying them that their applications had been approved.

8. Despite Plaintiffs RFF grant application approvals they were not funded.

9. On July 14, 2022, the Government Accounting Office ("GAO") reported to Congress that it had identified approximately $180,000,000.00 in unobligated RFF funds.

10. The SBA advised on November 22, 2022, that it would release $83,000,000.00 of the $180,000,000.00 to 169 recipients.

11. This lawsuit challenges the SBA's handling of RRF Funds and seeks Declaratory and Injunctive Relief that compels distribution of all RRF funds.

**PARTIES, JURISDICTION, and VENUE**

12. Plaintiffs are active and properly formed and registered Florida limited liability companies that are located and operate food service businesses within Orange County, Florida.

13. Defendant Small Business Association (herein after referred to as "SBA") is an independent federal agency of the United States Government and dedicated to aid, counsel, assist and protect the interest of small business concerns. Defendant Small Business Association is located at 409 3rd St SW, Washington, DC 20416.

14. Defendant Isabella Casillas Guzman (herein after referred to as either Director or Director Guzman") is the Director of the Small Business Association. The SBA is charged by Congress with distribution of RRF funds, to aid, counsel, assist and protect the interest of small business concerns. Director Guzman is sued in her official capacity. Defendant Isabella Casillas Guzman is located at 409 3rd St SW, Washington, DC 20416.

15. This Court has jurisdiction pursuant to 5 U.S.C. §§ 701-706 because the Plaintiffs' claims arise under the Administrative Procedure Act and 28 U.S.C. §1331 because Plaintiffs' claims arise under federal law. This Court is vested with jurisdiction to order an injunction and damages or provide any other equitable relief as may be proper pursuant to 28 U.S.C. §2201, and additional relief pursuant to 28 U.S.C. §2202.

16. Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1)(B) and (C) because Plaintiffs reside in this district; Plaintiffs engage business in this district.

17. Plaintiffs have standing to assert the interest of both itself and its customers because the withholding of funds under the RRF by the SBA directly affects the interest of who have applied for RRF grants, *See* e.g. *Craig v. Boren, 429 US 190* (1976).

18. Plaintiffs are seeking damages in excess of $75,000.00 exclusive of interest and cost.

**COUNT I – DECLARATORY RELIEF**

19. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs 1-18.

20. This is an action requesting declaratory judgment against Defendants involving distribution of RFF funds from the SBA.

21. The Plaintiffs applications for RFF funds were approved by the SBA.

22. The Plaintiffs applications for RFF funds were not funded.

23. On July 14, 2022, the Government Accounting Office ("GAO") reported to Congress that it had identified approximately $180,000,000.00 in unobligated RFF funds that the SBA is sitting on and has failed to disburse.

24. On November 22, 2022, the SBA announced that it would release $83,000,000.00 of the $180,000,000.00 to 169 recipients.

25. This lawsuit challenges the SBA's handling of RRF Funds and seeks Declaratory and Injunctive Relief that compels distribution of the remaining RRF funds.

26. The SBA has not distributed the full amount of RRF Funds.

27. The SBA sitting on approximately $100,000,000.00 in unobligated RRF funds.

28. The SBA is required by the ARPA to distribute all RRF funds.

29. Additionally, the SBA has not defined "unobligated funds" nor has the SBA published the process or means by which it would allocate the "unobligated funds".

30. There is a bona fide, actual, present, and practical need for a court declaration in that the SBA has not taken action to disburse all RFF funds despite law maker instructions, significant need, and pressure from the restaurant industry.

31. There is a bona fide, actual, present, and practical need for the declaration in that the SBA has not provided notice, a process, definition or clarity on who, how or when the remaining RFF funds would be distributed.

WHEREFORE Plaintiffs respectfully request that this Court enter an Order and Judgment:

a. Declare the RRF funds as "obligated funds" rather than "unobligated funds";

b. Declare that RFF funds are obligated to Plaintiffs in an amount equal to the amount of Plaintiffs' approved RFF grant applications;

c. Declare the SBA has improperly delayed distribution of RRF funds;

    d. Declare the SBA's obligation to immediately disburse RRF funds to Plaintiffs;

    e. Declare the SBA's obligation to immediately disburse RRF funds to other applicants who received approval notices that were never funded;

    f. Award Plaintiffs such other relief as this Court deems appropriate.

## COUNT II – MANDATORY INJUNCTION

32. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs 1-18.

33. On June 23, 2021, Plaintiffs received an email stating,

> "*Due to overwhelming demand, the SBA was unable to fund all qualified applications. Those applicants who have not received funding as of this email will have their applications held within the application platform to allow for processing in the order received if additional funds are provided by Congress.*"

34. Despite clear notice that the SBA would fund Plaintiffs RRF applications if/when additional funds became available they have not done so.

35. On July 14, 2022, the Government Accountability Office reported that the SBA had approximately $180,000,000.00 in "unobligated funds".

36. On November 22, 2022, the SBA announced it would release $83,000,000.00 of the $180,000,000.00 to 169 recipients.

37. The SBA must distribute the approximately $100,000,000.00 of remaining RRF.

38. Plaintiffs continue to struggle financially and will suffer irreparable injury if their approved grants are not funded. Specifically, among other things, Plaintiffs risk losing staff, declining quality of service, declining food quality, irreparable harm to their brand and reputation. The loss

of staff and purchasing power has already occurred and will continue to become worse. Plaintiffs future losses are actual and great and not just theoretical.

39. Plaintiffs will likely succeed on the merits of its claims in so far that the SBA has been ordered by Congress to disburse all RFF funds and the SBA has not taken action or given notice of any intention to further the Congressional mandate that the SBA disburse all RFF funds.

40. Plaintiffs assert that it is in the public interest for this Court to enter an Order compelling the SBA to disburse RFF funds.

WHEREFORE Plaintiffs respectfully request that this Court:

g.  Compel the SBA to distribute the RRF funds to Plaintiffs and others who have already have approved RRF grants that were never funded, *and*

h.  Award Plaintiffs such other relief as this Court deems appropriate.

Respectfully Submitted,

Dated: January 13, 2023

/s/ *Eric D. Frommer*
Eric D. Frommer
FLA Bar No.: 0023163
ATLAS Law Group PLLC
5829 Grand National Drive
Orlando, Florida 32819
Office: 407-581-5049
Mobile: 321-217-0032
Email: ericfrommer@hotmail.com

## CERTIFICATION

By signing below, I certify to the best of my knowledge, information and belief that this Complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the required of Rule 11 under the Federal Rules of Civil Procedure.

Respectfully Submitted,

Dated: January 13, 2023                         /s/ *Eric D. Frommer*